MADDOX, Justice.
Albert Varner and Curtis Garth entered into a partnership in 1971, for the operation of a night club. In 1976, Garth filed a complaint seeking an accounting and a determination of whether the partnership should be dissolved. This is an appeal from the trial court’s adoption of the report of a Special Master settling and distributing assets of the partnership.
The court appointed a Special Master “for the purpose of taking charge of the assets of the partnership of Curtis Garth and Albert Varner known as the Four One Club making an accounting of the interests of the parties hereto, a sale of the partnership assets, payment of the debts thereof and distribution of the proceeds, if any, to the parties.”
After receiving testimony and evidence on behalf of both parties, the Master made numerous findings, exceptions to which were taken by appellant, Varner. After the court adopted the report, appellant made a motion for reconsideration and for a new trial. Both motions were denied.
Appellant claims two findings made by the Special Master and adopted by the court were clearly and palpably wrong. First, Varner contends a finding that he had received $5,000 from whiskey sales was based upon conjecture and speculation. In support of this contention, he quotes from the report where the Master stated that Varner “received substantial, undetermina-ble profits from whiskey sales at the Eldorado Club” [emphasis added] while in the following paragraph the Master stated that he was of the opinion that Varner “received a minimum of $5,000 from the sale of whiskey.”
After reviewing the Master’s report, we are of the opinion that his decision was not based upon conjecture and speculation as appellant contends. The Master stated that his report was “based on the testimony of two disinterested witnesses.” Admittedly, the Master’s findings could have been stated more clearly; nevertheless, they are not “clearly erroneous.” Rule 53(e)(2) ARCP.
The Master found that Garth had borrowed $20,000 from the Jefferson County Teacher’s Federal Credit Union for the use and benefit of the club. He also found that Garth had executed a promissory note at the First National Bank of Birmingham in the sum of $5,000, the proceeds of which also went for the use and benefit of the club.
The Master determined that upon the distribution of partnership assets, Garth was entitled to, among other amounts, one-half of the unpaid balance on each loan representing Varner’s one-half interest in said loans.
There is no evidence in the record that Varner ever entered into any written agreement whereby he agreed to be responsible for the debts of Garth. He argues, therefore, that in the absence of a written agreement, he cannot be held responsible for a debt of this nature. He relies upon the Statute of Frauds, § 8-9-2(3), Code (1975), which states, in part:
“In the following cases, every agreement is void unless such agreement or some note or memorandum thereof expressing the consideration is in writing and subscribed by the party to be charged therewith or some other person by him thereunto lawfully authorized in writing.
* sfc * * jf: *
“3. Every special promise to answer for the debt, default or miscarriage of another. . . . ”
The general rule is that the separate debts of a partner, when they enure to the *14 benefit of the partnership, may be converted into a partnership debt with the consent of the several partners. Teague Barnett & Co. v. Lindsey, 106 Ala. 266, 17 So. 538 (1894), 68 C.J.S. Partnership § 80.
The Master specifically found that the funds borrowed by Garth were “for the use and benefit” of the partnership. In holding Varner’s interest in the partnership responsible for one-half of the unpaid balance on loans, the Master necessarily found that there had been an implied agreement that the debts became partnership debts. In fact, there was evidence that payments had been made on the $5,000 note out of partnership proceeds.
Varner’s reliance upon the Statute of Frauds is therefore misplaced because an oral promise by a partner or by the partnership to pay a debt for which the partnership is liable is not within the Statute of Frauds, 37 C.J.S. Frauds, Statute of § 31 c, p. 546.
Rule 53(e)(2) ARCP states that “In an action to be tried without a jury the court shall accept the master’s findings of fact unless clearly erroneous.”
The appellant has failed to show that the trial court’s adoption of the Master’s report was clearly erroneous. We affirm.
AFFIRMED.
TORBERT, C. J., and JONES, SHORES and BEATTY, JJ., concur.